UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY H. McGUFFIN, Trustee
for BHB Enterprises, L.L.C.,

      Plaintiffs,                       CIVIL ACTION NO. 05-74809

      v.                                  DISTRICT JUDGE ARTHUR J. TARNOW

MICHAEL BAUMHAFT,                MAGISTRATE JUDGE VIRGINIA M. MORGAN
UNIVERSAL HOMES LLC,
MIDWEST EXPRESS FUNDING, INC.,
INVESTORS FUNDING LLC, CITY
ENERGY LLC, ENERGY SOURCE
LLC, ACTION LENDING SOLUTIONS,
LLC, GLEN THOMPSON, SHELLEY
LETZER, MICHAEL LETZER,
WORLDWIDE FINANCIAL TITLE
OF MICHIGAN LLC d/b/a TITLE GIANT,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

      This matter is before the court on the motion of all defendants to dismiss or for summary judgment on the first amended complaint filed in this matter. The court has read the pleadings and for the reasons stated in this Report, recommends that the motion be denied.

      This is one of three actions related to the Michael Baumhaft businesses. Baumhaft's entity BHB Enterprises has been in bankruptcy and plaintiff in this action is Stanley McGuffin, the Chapter 11 Bankruptcy Trustee for the debtor BHB. In the amended complaint, plaintiff alleges several claims against Michael Baumhaft and his other entities, as well as against

-1-

individual defendants Glen Thompson, Shelley Letzer, and Michael Letzer and the company World Wide Financial Title Company of Michigan LLC d/b/a Title Giant.  These include civil claims under the federal RICO act, claims under Michigan's fraudulent transfer act, and a request to maintain a supplementary proceeding in aid of collection.  Plaintiff calculates that based on the judgment of the South Carolina Bankruptcy Court's order of September 30, 1998, defendant Baumhaft owes $619,424.00.  In response to motions in this litigation and the companion cases, Baumhaft deposited $450,000.00 with the Clerk of Court, which this court understands has now been paid to plaintiff.  Thus, approximately $170,000.00 is still left to be paid on the judgment.  The court has been advised by counsel that the amount of the judgment is still on appeal to the district court in South Carolina, but no change has yet been ordered.

    Defendants wish to dismiss this action, alleging that the amended complaint fails to comply with Rule 9(b) and does not state a RICO claim.  Following oral argument, plaintiff was permitted to file and did file a RICO case statement, which is considered by the court as a supplement to the complaint.  Federal Rule of Civil Procedure Rule 12(b)(6) provides that the court may dismiss a case for failure to state a claim. The issue in resolving such a motion is "not whether plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).  "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993).  Thus, when reviewing a motion for dismissal, the court is to give the pleader the benefit of the doubt, as to well pleaded facts and the inferences drawn from

them.  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  Lewis v. ACB Business Services, Inc., 135 F.3d 389 (6th Cir. 1998), citing Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987).  The Supreme Court has generally held that at the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice and on a motion to dismiss, the court will presume that general allegations embrace those specific facts that are necessary to support the claim.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  The admonishment to liberally construe plaintiff's claim when evaluating a Rule 12(b)(6) dismissal does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions.  Id.  A complaint must contain either direct or inferential allegations representing all the material elements to sustain a recovery under some viable legal theory.  Id.

Federal Rules of Civil Procedure Rule 9(b) requires that averments of fraud must be pleaded with particularity.  Minger v. Green, 239 F.3d 793, 800 (6th Cir. 2001).  This is true whether the case is before the court under federal question or diversity jurisdiction.  Id.  The Sixth Circuit requires a plaintiff to allege the time, place, and content of the alleged misrepresentation relied upon, the fraudulent scheme, the fraudulent intent of the defendants, and injury resulting from the fraud.  Coffey v. Foamex, L.P., 2 F.3d 157, 161-2 (6th Cir. 1993).  Allegations of fraudulent misrepresentation must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made.  Id. at 162.  However, when deciding a motion to dismiss for failure to comply with Rule 9(b), the court must also consider the policy favoring simplicity in pleading, codified in Fed.R.Civ.P. Rule 8, which

requires only a "short and plan statement of the claim."  <u>Sanderson v. HCA-The Healthcare Company</u> 447 F.3d 873, 876 (6th Cir. 2006) (Rule 9(b)'s particularity requirement must be read in harmony with the requirements of Rule 8).  The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, thus allowing the defendants to answer and address the plaintiff's claim of fraud in an informed manner.  <u>Coffey</u>, 2 F.3d at 162.

Title 18 U.S.C. §1962(c) makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, through a pattern of racketeering activity."  The RICO Act, 18 U.S.C. § 1961 *et seq.*, provides a civil remedy when an individual is "injured in his business or property" by virtue of a violation of § 1962 of the Act.  In order to establish a cause of action, a plaintiff must show (1) that there were two or more predicate offenses; (2) that an "enterprise" existed; (3) that there was a nexus between the pattern of racketeering and the enterprise; (4) that an injury to business or property occurred as a result of the above three factors.  <u>VanDenBroeck v. CommonPointe Mortg. Co.</u>, 210 F.3d 696, 699 (6th Cir. 2000).  An enterprise under RICO has been defined as a "group of persons associated together for a common purpose of engaging in a course of conduct."  <u>United States v. Turkette</u>, 452 U.S. 576, 583 (1981).  The hallmark of a RICO enterprise is its ability to exist apart from the pattern of wrongdoing.  See, <u>Atlas Pile Driving Co. v. DiConFin.Co.</u>, 886 F.2d 986, 995 (8th Cir. 1989).  Courts look to whether a continuity of structure exists as evidenced by an organizational pattern or system of authority that provides a mechanism for directing the group's affairs on a continuing rather than an ad hoc or sporadic basis.  <u>United States v. Tocco</u>, 200 F.3d 401, 425

(6th Cir. 2000). A plaintiff must prove each element of the predicate act or racketeering activity for a civil action under the RICO Act. Central Distributors of Beer, Inc. v. Conn, 5 F.3d 181, 183-4 (6th Cir. 1993). Essentially, plaintiff must show enterprise, structure, common purpose and impact on interstate commerce albeit one which may be de minimus. United States v. Johnson, 440 F.3d 832 (6th Cir. 2006). These issues present questions of fact. United States v. Sanders, 928 F.2d 940, 943 (10th Cir. 1991). RICO does not require proof that either the racketeering enterprise or the predicate acts of racketeering were motivated by an economic purpose. National Organization for Women v. Scheidler, 510 U.S. 1215 (1994).

In this case, the court finds that plaintiff's RICO case statement (D/E 57) is sufficient to overcome the instant motion. Plaintiff has identified the enterprise, the activity, and the predicate acts. The case statement, along with the real estate schedules attached to plaintiff's December 2005 complaint, adequately apprises defendants with sufficient particularity to survive a Rule 12(b) motion to dismiss. The RICO case statement sets forth a complex, wide ranging, and involved pattern of racketeering activity by the enterprise. Specific details are included, including state law cases, particular transactions, and the role played by each defendant. The multiple "businesses" are identified and specific diversion of funds set forth.

The court finds that defendants' argument on the Rule 9(b) motion is somewhat disingenuous. The web of interrelated businesses and transactions establish a highly sophisticated network and pattern of operations. To complain of lack of particularity when the total effort is alleged to have been designed for obfuscation smacks a little of the defendant who after killing his parents seeks mercy from the court because he is an orphan.

-5-

Accordingly, it is recommended that the motion be denied.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                                s/Virginia M. Morgan
                                                Virginia M. Morgan
                                                United States Magistrate Judge

Dated:  March 5, 2007

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on March 5, 2007.

<div style="margin-left: 50%;">
s/Jane Johnson<br>
Case Manager to<br>
Magistrate Judge Virginia M. Morgan
</div>