UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STANLEY H. McGUFFIN, Trustee for
BHB Enterprises, LLC,

        Plaintiff,

v.

MICHAEL BAUMHAFT, *et al.*,

        Defendants.

                               /

Case No. 05-74809

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
VIRGINIA M. MORGAN

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION [83],
DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [85],</u>**
**and**
**<u>DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [80]</u>**

      Before the Court are the Magistrate's Report and Recommendation [83] and Addendum to the Report and Recommendation [84]. The Magistrate recommends denial of Plaintiff's Motion for Summary Judgment [80], as supplemented by Plaintiff's Brief [82] of September 25, 2008. In response to the Magistrate's recommendation, Plaintiff has filed a Motion for Reconsideration [85] of the Magistrate's findings. No Defendant has filed a response to any of the aforementioned pleadings, and the Court notes that the corporate Defendants are now unrepresented in this matter, and Defendant Baumhaft is *pro se*.[1]

      The Court has reviewed the record and the pleadings, and finds the recommendations of

---

[1] On February 1, 2008, after a hearing, the Magistrate entered an Order [75] granting defense counsel's motion to withdraw from the representation of all Defendants except for Glen Thompson. In that Order, Michael Baumhaft and the other Defendants were given until March 3, 2008, to have replacement counsel enter an appearance in this case. No new appearances have been entered.

the Magistrate Judge to be neither "clearly erroneous [n]or contrary to law" as required for reversal of a magistrate's decision. *See* Fed. R. Civ. P. 72(a); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001).

## I. DISCUSSION

Plaintiff seeks to collect a bankruptcy judgment previously entered against Defendant Michael Baumhaft, and complains that Defendants have violated the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq.*, by conducting fraudulent activities to prevent Plaintiff's collection on the judgment. Plaintiff also alleges fraud claims under state law. Here, Plaintiff seeks summary judgment on all counts of the Complaint.

The Report and Recommendation notes that Plaintiff must prove the following elements to establish a RICO violation: "(1) the existence of two or more predicate offenses as evidence of a 'pattern'; (2) the existence of an 'enterprise'; (3) a nexus between the pattern of racketeering activity and the enterprise; and (4) an injury to business or property occurring as a result of the first three elements." *Citing United States v. Johnson*, 440 F.3d 832 (6th Cir. 2006); *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000).

The Magistrate found that Plaintiff has met element (2), above, having "established that [D]efendants colluded in a manner that extends beyond a simple conspiracy, and therefore [having] established the existence of an association in fact." The Magistrate further determined, however, that Plaintiff has not established the remaining elements so as to sustain an order of summary disposition on the RICO claim.[2] Although Plaintiff asserted the existence of predicate acts constituting a "pattern of racketeering activity" as required by element (1), above, the Magistrate determined that Plaintiff has not pled those allegations with "sufficient specificity to find as a matter of law that this element of RICO is met." *See* Fed. R. Civ. P. 9(b) (imposing a

---

[2] The Report and Recommendation notes that "Plaintiff also seeks summary judgment on his state law fraud claims, but does not discuss the reasons in the brief."

heightened pleading requirement in allegations of fraud or mistake); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001) ("[A]llegations of fraud in a civil RICO complaint are subject to the heightened pleading standard of [Rule 9], which requires a plaintiff to plead all averments of fraud with particularity"). The Magistrate also found that Plaintiff has failed to establish as a matter of law either element (3) of a RICO claim ("Plaintiff's facts fail to set forth a sufficient basis [for] a nexus. Therefore, this must be proven at trial."), or element (4) ("Not all costs associated with collecting the judgment are RICO injuries," and thus "[a]ny injury is thus far not shown to be the result of a RICO violation.").

On September 25, 2008, Plaintiff submitted to the Court a citation of additional authority [82] in support of his Motion for Summary Judgment. In a recent decision, the Supreme Court of the United States abrogated Sixth Circuit case law to the extent that it had imposed "first party reliance" as an element of a RICO claim. *See Bridge v. Phoenix Bond & Indem. Co.*, 533 U.S. ___, 128 S.Ct. 2131 (2008), *abrogating in part VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 699 (6th Cir. 2000). Here, the Magistrate filed an analysis of the applicability of *Bridge* to this matter, concluding that "[t]he holding in *Bridge* is not relevant to the basis for denial of the motion for summary judgment and does not change the recommendation to deny the motion," because the Report and Recommendation "did not impose first party reliance as a condition to recovery under RICO." *See* Addendum [84] at 2.

On March 6, 2009, Plaintiff filed a Motion for Reconsideration [85] of the Report and Recommendation, offering further discussion of element (4) of the RICO claim. Plaintiff elaborates on the existence and amount of Plaintiff's injury, and the extent to which it has been conclusively established that such injury "occurr[ed] as a result of the first three elements" of the RICO claim.

Construing the Motion for Reconsideration [85] as an Objection to the Magistrate's findings, the Court notes that Plaintiff's Motion does not address the multiple bases of the Magistrate's recommendation that summary judgment be denied. *See* Fed. R. Civ. P. 72(b)(2);

3

Pl.'s Mot. [85].  For example, Plaintiff has not responded to the Magistrate's determination that Plaintiff has failed to plead his allegations of fraud with "sufficient specificity to find as a matter of law that this element of RICO is met."  *See* Fed. R. Civ. P. 9(b); *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d at 597.

Thus, the Court finds that Plaintiff's Motion does not advance objections sufficient to sustain a finding that the Report and Recommendation is "clearly erroneous or contrary to law" as would be required for its reversal.  *See* Fed. R. Civ. P. 72(a).  This matter will be set for trial.

## II.  CONCLUSION

The Court has reviewed the record and the pleadings.  For the reasons stated above,

**IT IS HEREBY ORDERED** that the Report and Recommendation [83] is **ADOPTED** and entered as the findings of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Reconsideration [85], construed by the Court as an objection to the Magistrate's recommendations, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment [80] is **DENIED**.

**SO ORDERED.**

          S/ARTHUR J. TARNOW
          Arthur J. Tarnow
          United States District Judge

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

          S/THERESA E. TAYLOR
          Case Manager